# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

CIVIL ACTION NO. _____

| | |
|---|---|
| Lubica Mijac, as the Estate Trustee of the Estate of Corey Michael Mijac, and Christopher Jeffries and Samantha Berry, as the Estate Trustees of the Estate of Benjamin Caleb Jeffries<br><br>      Plaintiff,<br><br>vs.<br><br>AERO ACCESSORIES, LLC, a North Carolina Limited Liability Company and successor to AERO ACCESSORIES, INC., and AERO ACCESSORIES, INC.,<br><br>      Defendants, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

COME NOW Plaintiffs, by and through undersigned counsel and for their cause of action file this Complaint against Defendants, Aero Accessories, LLC, successor to Aero Accessories, Inc., and Aero Accessories, Inc., and allege on information and belief:

## NATURE OF THE CASE

1. This is an action for negligence, wrongful death and survivor damages arising from the death of Plaintiffs' decedents on October 16, 2016 while traveling from Richmond, Virginia, to St. Catharines, Ontario, Canada on an aircraft owned and operated by St. Catharines Flying Club, LLC.

2. This action includes claims for negligence, strict liability, defective design, defective manufacture, misrepresentation, failure to warn and wrongful death, and it arises out of

an airplane crash that occurred on October 16, 2016, resulting in the death of two passengers and the pilot, comprising all persons onboard.

3. Defendants Aero Accessories, LLC, and Aero Accessories, Inc., manufactured the Tempest Vacuum Pump that was installed on the aircraft involved in this crash. The failure of this pump in flight contributed to the cause of the crash.

## JURISDICTION AND VENUE

4. This is an action for damages in excess of Seventy-Five Thousand and 00/100 Dollars ($75,000.00), exclusive of interest, costs, and attorneys' fees.

5. Jurisdiction exists over this action and Defendants under 28 U.S.C. §§ 1332 and 1367.

6. Venue is proper because Defendants' principle place of business is in this district, Defendants conducted significant business in this district, and a substantial part of the events giving rise to the claims occurred in this judicial district.

7. All conditions precedent to bringing this action have been met.

## PARTIES

8. Plaintiff Lubica Mijac is the duly appointed Estate Trustee of the Estate of Corey Michael Mijac, deceased, who was a resident of Ontario, Canada. The Estate is pending in the Ontario Superior Court of Justice.

9. Plaintiffs Christopher Jeffries and Samantha Berry are the duly appointed Estate Trustees of the Estate of Benjamin Caleb Jeffries, deceased, who was a resident of Ontario, Canada. The Estate is pending in the Ontario Superior Court of Justice.

10. Plaintiffs bring this action on behalf of the Estates and surviving family members.

11. Defendant Aero Accessories, LLC, is a North Carolina Limited Liability Company, organized in the State of North Carolina, with its principal place of business located at 1240 Springwood Church Road, Gibsonville, North Carolina 27249. Aero Accessories, LLC, "overhauls, develops, produces, and supplies hard to find parts for older aircraft as well as for the newest." Aero Accessories, LLC, is the successor company to Aero Accessories, Inc., a North Carolina Corporation. Aero Accessories, Inc., converted to a Limited Liability Company in November of 2017.

12. Aero Accessories, LLC, and Aero Accessories, Inc., overhauled or manufactured the failed vacuum pump that contributed to the cause of the crash. Based on these contacts, jurisdiction in this court will not offend the notions of fair play and substantial justice.

## FACTS GIVING RISE TO CAUSES OF ACTION

13. On October 12, 2016, Defendant, St. Catharines Flying Club, LLC, sent five of its aircraft, along with instructors and students, to the United States for several days of flying. They were returning to St. Catharines on October 16, 2016, the day of the crash.

14. Rifat Tawrig was the instructor assigned to the mishap aircraft, a Piper PA-28-161, tail number C-GYSN. The decedents, Mijac and Jefferies, were assigned to fly in the mishap aircraft.

15. On the final leg of the return trip to St. Catharines/Niagara District Airport, the aircraft encountered Instrument Meteorological Conditions (IMC). While encountering IMC, there was a loss of control of the aircraft, and it crashed it into the ground.

16. The crash claimed the lives of Decedents Mijac and Jeffries.

17. Defendants manufactured parts and components on the accident aircraft that failed during the flight, contributing to the aircraft crash into the ground.

3

18. The vacuum pump designed, overhauled, manufactured, and provided by Defendants failed in flight. As a result of the failure of the vacuum pump, a number of the instruments in the mishap aircraft were inoperative and/or provided false information which contributed to the crash.

## SURVIVAL ACTION

19. Decedents, during the course of the accident, suffered injury and damages caused by the negligence, actions, and omissions of Defendants, which injury and damages include, but are not limited to:

   a. Pain and suffering, including suffering in contemplation of their impending deaths;
   b. Shock and terror; and
   c. Mental and emotional distress.

20. Decedents' causes of action for their injuries and damages survive their deaths and pass to their estates.

## WRONGFUL DEATH ACTION

21. Decedents met their untimely deaths as a direct result of the aforementioned negligence, actions and omissions of Defendants.

22. Plaintiffs have experienced great mental anguish, suffering, bereavement, and loss of society, advice, companionship, comfort, grief, sorrow, protection, and pecuniary benefit as a result of the deaths of Plaintiffs' decedents.

23. Plaintiffs and the statutory beneficiaries are informed and believe, pursuant to the North Carolina Wrongful Death Statute, that they are entitled to a judgment against Defendants

for an award of actual and punitive damages in an amount to be determined by the trier of fact and for any additional relief this Court deems just and proper.

## COUNT I
## NEGLIGENCE

24. Plaintiffs re-aver and re-allege by reference all other paragraphs of the complaint as if fully restated herein.

25. Defendants designed, manufactured, marketed, sold, distributed, and overhauled the component parts of the crashed aircraft.

26. Defendants have a duty to manufacture, design, overhaul, market, distribute and sell products that are not unreasonably dangerous.

27. Defendants failed to use ordinary care, that is failed to do that which a designer, manufacturer, overhauler, distributer, marketer and seller of the aircraft parts would have done under the same or similar circumstances and acted in a manner that such a corporation acting responsibly would not have acted under same or similar circumstances, including:

   a. Failure to provide adequate warnings for the safe use of the aircraft and its component parts;

   b. Failure to provide adequate instructions for the safe use of the aircraft and its component parts;

   c. Failure to properly design the aircraft component parts;

   d. Failure to properly assemble the aircraft component parts;

   e. Failure to properly carry out the overhaul or manufacture of component parts;

   f. Failure to properly test the aircraft component parts;

   g. Failure to properly inspect the aircraft component parts; and

5

h.  Failure to market and sell the aircraft component parts with adequate instructions for its safe use.

28.  The failure of the vacuum pump and other parts and components on the fatal flight directly caused or contributed to the crash of the aircraft and the death of Plaintiffs' decedents.

29.  As a direct and proximate result of the negligent and wonton conduct of Defendants, jointly and severally, Plaintiffs' decedents sustained foreseeable, serious personal injuries due to catastrophic blunt force trauma as the plane crashed to the ground, including post-impact burns, pain and suffering, including suffering in contemplation of their impending deaths, shock and terror, and mental and emotional distress.  As a result of these serious and personal injuries, Plaintiffs' decedents died.

30.  Plaintiffs suffered damages as set forth in Paragraph 48 and are entitled to recover from Defendants, jointly and severally, in amount to be determined by a jury.

## COUNT II
## MISREPRESENTATION/BREACH OF WARRANTIES

31.  Plaintiffs re-aver and re-allege by reference all other paragraphs of the complaint as if fully restated herein.

32.  Defendants expressly and impliedly represented the aircraft component parts were safe and airworthy.

33.  Defendants expressly and impliedly represented that the aircraft a component parts were assembled in a good and workmanlike manner and that they were fit and safe for the purpose for which they were intended.

34.  Defendants failed to disclose to Plaintiffs' decedents that the aircraft's component parts were defective.

35. At all times relevant herein, Defendants held themselves out to purchasers and consumers as the leading manufacturer, overhauler, distributer, and seller of aircraft component parts, including the Tempest vacuum pump.

36. In the condition in which the aircraft component parts were delivered to the owners and operators of the aircraft, it was not suitable for its intended purpose and the Defendants knew or had reason to know of the intended use of the aircraft for a particular purpose.

37. At the time of the purchase of the component parts from Defendants, Defendants knew or had reason to know that the owners and operators, as well as the passengers, including Plaintiffs' decedents, would rely on Defendants skill and judgment to select a product that was suitable for a particular purpose.

38. Plaintiffs' decedents justifiably relied on Defendants' skill and judgment in making the decision to design, modify, manufacture, overhaul and supply the aircraft components parts and upon its represented airworthiness. With its inherent design and modification defects and lack of adequate warnings and instructions, the product was not suitable for the particular purpose of flying.

39. As a result of the unsuitability of the product and its failure to meet the intended purpose, Plaintiffs' decedents were harmed, injured and died. Plaintiffs were damaged as a result of Defendants failure to provide a product suitable for the particular purpose of flying.

40. Defendants expressly represented that the aircraft component parts were safe and airworthy, when in fact they were not.

41. Defendants made assurances that the aircraft component parts were safe as designed, modified, overhauled and manufactured and that the work performed in creating them was done to the highest quality and highest standards.

42. Defendants' failure to deliver the component parts as they expressly and impliedly represented was a substantial factor in causing the crash and the harm to Plaintiffs' decedents and Plaintiffs.

43. Defendants breached the implied warranty of merchantability of the component parts by failing to meet acceptable industry and manufacturing standards in the design, construction, manufacture, overhaul and marketing of said aircraft component parts.

44. As a direct and proximate result of the negligent and wonton conduct of Defendants, jointly and severally, Plaintiffs' decedents sustained foreseeable serious personal injuries due to catastrophic blunt force trauma as the plane crashed to the ground, including post-impact burns, pain and suffering, including suffering in contemplation of their impending deaths, shock and terror, and mental and emotional distress. As a result of these serious and personal injuries, Plaintiffs' decedents died.

45. Plaintiffs suffered damages as set forth in Paragraph 48 and are entitled to recover from Defendants, jointly and severally, in amount to be determined by a jury.

## COUNT III
## WRONGFUL DEATH

46. Plaintiffs re-aver and re-allege by reference all other paragraphs of the complaint as if fully restated herein.

47. As a direct and proximate result of the negligence of the Defendants, Plaintiffs' decedents suffered injuries and death.

48. Plaintiffs are entitled to recover the following damages for the death of the decedents by wrongful act of Defendants:

    a. Mental suffering and distress associated with the measurable and significant period before and after the first and subsequent impacts of the crash, during

the fire, as well as for Plaintiffs' decedents sustained significant personal injuries, including conscious and physical pain and suffering, pre and post impact fright and terror, fear of impending death, mental anguish, emotional distress, and other severe injuries;

b. Loss of being able to live life and the enjoyment of life;

c. Loss of earnings of Plaintiffs' decedents from the date of death, less lost support and services, excluding contributions in kind, with interest;

d. Loss of gross earning power and earning capacity;

e. Loss of net accumulations;

f. Loss of past earnings;

g. Loss of future and prospective earnings;

h. Loss of inheritance;

i. Full pecuniary loss of the decedent;

j. Loss of prospective estate accumulations;

k. Post-mortem, funeral, memorials and other expenses which have been incurred due to the decedent's death that have become a charge against the Estates or that were paid by or on behalf of the decedents;

l. Loss of support and services in money or in kind from the date of the decedent's death to the extent of his normal life expectancy;

m. Loss of the decedent's companionship, instruction, guidance, and physical and mental pain and suffering from the date of the decedent's death;

n. Grief, emotional distress, and sorrow of the family and beneficiaries;

o. Loss of enjoyment of life of his surviving family and beneficiaries;

9

Case 1:18-cv-00875-LCB-JEP   Document 1   Filed 10/16/18   Page 9 of 11

p. Loss of the value of not having to live one's life alone;

q. Loss of care, comfort, companionship and consortium;

r. Loss of guidance and tutelage;

s. Loss of life's pleasures;

t. Loss of earnings;

u. Loss of society;

v. Loss of companionship;

w. Loss of love;

x. Loss of affection;

y. Loss of solace;

z. Loss of protection;

aa. Loss of moral guidance;

bb. Loss of counsel;

cc. Loss of moral support;

dd. Loss of familial care;

ee. Loss of advice;

ff. Punitive exemplary damages as allowed by law;

gg. Pre-judgment and post interest;

hh. Costs and attorneys' fees; and

ii. Any and all other economic and noneconomic damages to which each decedent, and his representatives, estate, survivors and beneficiaries are lawfully entitled.

WHEREFORE, Plaintiffs demand judgment against Defendants, jointly and severally, for all damages, including punitive and/or exemplary damages and interest recoverable for the Defendants' conduct, including attorneys' fees and other such relief allowed by law as the Court and jury deem just.

## DEMAND FOR JURY TRIAL

The Plaintiffs demand trial by jury of all issues triable as of right.

DATED this 15th day of October, 2018.

> Respectfully submitted,
>
> s/ Curtis C. Osborne
> Curtis C. Osborne, N.C. Bar No. 25443
> Osborne Law Firm, P.C.
> 11020 David Taylor Dr., Suite 310
> Charlotte, NC 28262
> (704) 376-8012
> curtis@osborneinjury.com
>
> Mary Schiavo (Applying for PHV)
> James R. Brauchle (Applying for PHV)
> MOTLEY RICE LLC
> 28 Bridgeside Blvd.
> Mount Pleasant, SC 29464
> 843-216-9138
> mschiavo@motleyrice.com
> jbrauchle@motleyrice.com
>
> *Attorneys for Plaintiffs*